UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROBERT WALTER NEUMAN, et ux                    CIVIL ACTION NO. 06-2140

-vs-                                                          JUDGE DRELL

BROOKSHIRE GROCERY COMPANY                MAGISTRATE JUDGE KIRK

---

## R U L I N G

Before the Court is a motion for summary judgment (Doc. 13) filed by defendant Brookshire Grocery Company ("Brookshire"), seeking dismissal of all of the plaintiffs' claims.  Because Brookshire correctly contends that the plaintiffs cannot meet their burden of proof under La. R.S. § 9:2800.6, and because that failure is fatal to the plaintiffs' claims, the motion is GRANTED.  By separate judgment, all of plaintiffs' claims in this matter are DISMISSED WITH PREJUDICE.

### BACKGROUND

On November 14, 2005, plaintiff Robert Walter Neuman,[1] was shopping in a grocery store owned by Brookshire in Natchitoches, Louisiana.  While walking from the floral department to the express checkout lane, he slipped and fell approximately three feet from the express checkout counter.  Mr. Neuman determined that he fell on a grape, but he does not know how long it had been on the floor.

---

[1] Since losing both lower extremities in an early childhood accident, Neuman has relied on prostheses for most of his life but is able to walk without difficulty.  Although that fact could conceivably enter into analysis of the underlying negligence claim, it does not affect the evidentiary burden set out in La. R.S. § 9:2800.6 and analyzed below.

Mr. Neuman and his wife filed suit against Brookshire in this Court on November 8, 2006, properly asserting diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional amount of $75,000 and there is complete diversity between the Neumans and Brookshire.   On August 24, 2007, Brookshire filed the instant opposed motion for summary judgment, which we now address.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states provides that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id.  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986).  If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).  However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are

insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

## ANALYSIS

The sole basis for the Neumans' suit against Brookshire is negligence relating to the slip-and-fall. Under Louisiana law, such a situation falls under La. R.S. § 9:2800.6, which provides in relevant part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> > (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does

3

> not, alone, constitute constructive notice, unless it is shown
> that the employee knew, or in the exercise of reasonable care
> should have known, of the condition.

Id. Section 2800.6(B) clearly places the burden of proving all elements under § 2800.6(B)

on the plaintiff alone, and a plaintiff's failure to prove even one element is fatal to the

entire cause of action.  As the Louisiana Supreme Court explained:

> Where a statute is clear and unambiguous, and its application does not
> lead to absurd results, the law shall be applied as written and no further
> interpretation may be made in search of the intent of the legislature.  La.
> Civ.Code art. 9.  Courts are not free to rewrite laws to effect a purpose that
> is not otherwise expressed.  Backhus v. Transit Casualty Co., 549 So.2d
> 283, 291 (La.1989).
>
> This statute is clear and unambiguous.  The statute uses the mandatory
> "shall."  **Thus, in addition to all other elements of his cause of action, a
> claimant must also prove each of the enumerated requirements of
> Section (B).**  The conjunctive "and" follows Section (B)(2).  Thus, Sections
> (B)(1), (B)(2), and (B)(3) are all mandatory.  The requirement of Section
> (B)(2) is that the merchant created or had actual or constructive notice of
> the condition prior to the occurrence.  That is clear and unambiguous.
> Constructive notice, at issue here, is defined by Section (C)(1).  The
> definition is likewise clear and unambiguous. There is a temporal element
> included: "such a period of time ..."  **The statute does not allow for the
> inference of constructive notice absent some showing of this temporal
> element.  The claimant must make a positive showing of the existence
> of the condition prior to the fall.  A defendant merchant does not have
> to make a positive showing of the absence of the existence of the
> condition prior to the fall.**  Notwithstanding that such would require
> proving a negative, the statute simply does not provide for a shifting of the
> burden.

White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1084 (La. 1997) (footnote omitted).

In the instant case, the plaintiffs' memorandum in opposition to Brookshire's

motion for summary judgment summarizes the facts as follows:

> Plaintiff, Robert Walter Neuman, cannot dispute that he cannot tell this
> Court how the grape ended up on the floor or how long it had been on the
> floor.  He can, however, testify that where he fell was just a matter of feet

4

from the express checkout counter and there were Brookshire Grocery Company employees working in the area for substantial periods of time prior to his fall. He can also show the area where this accident occurred is used as the central thoroughfare in this store. It is Robert Walter Neuman's position that Defendant, Brookshire Grocery Company, either knew, or based on constructive notice, should have known that the grape was on the floor.

(Doc. 15-2, pp. 6-7—Memo in Opposition, pp. 3-4).

Based on these facts, the plaintiffs have failed to meet their burden under La. R.S. § 9:2800.6(B)(2), relating to the creation or notice of the dangerous condition. The plaintiffs have produced no evidence that Brookshire either created or had actual or constructive knowledge of any slippery condition on the floor. The plaintiffs cannot say how long the grape had been in place before the accident. As White explains with respect to constructive notice, "The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." Id., 699 So. 2d at 1084.

Simply put, the plaintiffs have failed to present any evidence of actual or constructive notice on the part of Brookshire. At best, the plaintiffs have shown only that there was a grape on the floor in Brookshire's store immediately after Mr. Neuman's slip-and-fall. Under LA. R.S. § 9:2800.6(B)(2). However, the plaintiffs must prove that Brookshire "either created or had actual or constructive notice of the condition which caused the damage, **prior to the occurrence**," Id. (emphasis added), and "must make

5

a positive showing of the existence of the condition prior to the fall."  White, 699 So. 2d at 1084.

The plaintiffs argue that the presence of employees in the area and the fact that the area was a major thoroughfare show constructive notice.  Unfortunately, those inferences and assumptions are insufficient as a matter of law to satisfy La. R.S. § 9:2800.6(B)(2)'s burden of production and proof.  In defining "constructive notice," La. R.S. § 9:2800.6(C) specifically states that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."  Id.  The plaintiffs have presented no evidence to make no such showing; instead, the plaintiffs simply assume that employees in the area should have noticed the grape.

Louisiana Supreme Court jurisprudence is instructive.  See, e.g., White, 699 So. 2d at 1085-86 ("Without additional supporting evidence, a determination that an employee fifteen feet away 'could have noticed the spill' of a clear liquid that plaintiff and those accompanying her did not notice after having traversed the area twice, is an unsupported assumption.");  Kennedy v. Wal-Mart Stores, Inc., 733 So 2d 1188, 1191 (La. 1999) ("[P]laintiff produced evidence showing that the general area where he fell was within view of a customer service podium . . . .  However, plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving . . . constructive notice . . . .");  and Babin v. Winn-Dixie Louisiana, Inc., 764 So. 2d 37, 40 (La. 2000) ("The court of appeal

6

speculated that plaintiff could show there was a possibility the [toothpick] boxes had been on the floor for some period of time, and that Winn-Dixie's employee was negligent in failing to observe them.  However, such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden at trial.").

The plaintiffs argue that the burden of proof set out in La. R.S. § 9:2800.6 applies to trial only and somehow differs in the summary judgment context.  (Doc. 15-2, p. 7—Memo in Opposition, p. 4).  However, in <u>Babin</u> the Louisiana Supreme Court reinstated the district court's grant of summary judgment in the defendant's favor for failure to show constructive notice, dismissing the suit with prejudice.  Here, outside of impermissible assumptions and inferences, the plaintiffs have presented <u>no</u> evidence of how long the grape was on the floor.  Under La. R.S. § 9:2800.6(B)(2), that lack of evidence is fatal to the plaintiffs' claim that the defendants had constructive notice of the dangerous condition.  The result may seem unfair, but it is dictated by Louisiana statutory law.  Accordingly, summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment (Doc. 13) filed by defendant Brookshire Grocery Company is **GRANTED**.  By separate judgment, all of the plaintiffs' claims in this matter are **DISMISSED WITH PREJUDICE**.

SIGNED on this 18 day of March, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE